# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| SANTIAGO CURIEL, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:17-CV-00048-RWS |
| | § | |
| v. | § | |
| | § | |
| DEREK EDGE, WARDEN AT FCI, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Santiago Curiel, a prisoner confined at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. On April 28, 2017, the Magistrate Judge issued a Report and Recommendation (Docket No. 4) recommending that the petition be denied. Petitioner acknowledged receiving his copy of the Report and Recommendation on May 8, 2017. Docket No. 5. Petitioner filed objections to the Report. Docket No. 6. The Court reviews the objected-to portions of the Report *de novo*. Fed. R. Civ. P. 72(b)(3).

Petitioner sought relief based on recent Supreme Court and Fifth Circuit precedent in *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). In light of these decisions, Petitioner contends that he was improperly sentenced as a career offender under the United States

Sentencing Guidelines because his prior convictions no longer qualify for purposes of sentence enhancement.

Petitioner's claims do not challenge the manner in which the petitioner's sentence is being executed or calculated by the Bureau of Prisons. Rather, the petitioner attacks the legality of the sentence as imposed, based on the sentencing court's determination that the petitioner was a career offender. A claim challenging the legality of a sentence generally must be brought under 28 U.S.C. § 2255, not § 2241. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). There is one exception to this general rule: A prisoner may use § 2241 as a vehicle for attacking a conviction or sentence if it appears the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The petitioner cites *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), for the proposition that a misapplication of the Sentencing Guidelines is cognizable in a § 2241 petition. The Fifth Circuit has, however, held that the savings clause of § 2255(e) "applies to a claim: (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). A challenge to the validity of a career offender enhancement is not the type of claim that warrants relief under § 2241. *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000); *see also Alsop v. Chandler*, 551 F. App'x 217, 218–19 (5th Cir. 2014); *Griffin v. Longley*, 548 F. App'x 146, 147 (5th Cir. 2013).

As the Magistrate Judge concluded, Petitioner failed to meet either prong of the *Reyes-Requena* test. The petitioner's claims do not demonstrate that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Additionally, the

petitioner's ground for review is not based on a retroactively applicable Supreme Court decision. Therefore, the petitioner may not pursue his claim concerning the validity of his sentence in a habeas petition filed pursuant to § 2241.

Accordingly, Petitioner's objections are **OVERRULED**, and the Report of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

**SIGNED this 31st day of January, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE